IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARTER ROBERTSON, individually and on behalf of others similarly situated | § § § | CIVIL ACTION NO. |
| v. | § § | |
| SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.) and SCHLUMBERGER TECHNOLOGY CORP. | § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Carter Robertson ("Robertson"), individually and on behalf of other former or present employees, complaining against Defendants Schlumberger Limited (Schlumberger N.V.) and Schlumberger Technology Corp. (collectively "Schlumberger"), to recover overtime compensation, liquidated damages, attorney's fees, and costs, under the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201, *et seq*. (the "Act" or "FLSA")), and would respectfully shows as follows:

## I.
## NATURE OF THE CASE

1.1   This is a collective action to recover overtime wages brought under the FLSA.

1.2   The Plaintiff and Putative Collective Action Participants (as defined herein) (collectively "Plaintiffs") were employed by Schlumberger, in that Schlumberger hired them, controlled their work and work schedules, and determined their rate and method of compensation. Schlumberger improperly calculated Plaintiffs' overtime and failed to notify all of its former and present employees of additional monies owed to them for overtime pay.  However, Plaintiffs did not fall within any recognized exemptions to FLSA's overtime requirements because their work was,

in whole or in part, not fairly or accurately characterized as being executive or administrative in nature.

1.3     Schlumberger regularly and routinely required Plaintiffs to work in excess of forty (40) hours per week, yet Schlumberger never paid Plaintiffs the required overtime rate under the FLSA. Accordingly, Plaintiffs sue to recover unpaid overtime compensation under Section 216(b) of the Act, as well as liquidated damages, attorney's fees, and costs, for themselves, and on behalf of others similarly situated.

## II.
## JURISDICTION AND VENUE

2.1     Plaintiffs re-allege all foregoing paragraphs as though fully again set forth.

2.2     Jurisdiction of this action is conferred on this Court by Section 216(b) of the Act, and by the provisions of 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

2.3     This Court has personal jurisdiction over Schlumberger, which, at all relevant times, either resided, was found, had an agent, or transacted substantial business in the state of Texas, including the Southern District of Texas, and the District would have *in personam* jurisdiction over Schlumberger.

2.4     A substantial part of Schlumberger's wrongful acts and omissions occurred in the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) (venue in actions not founded on diversity).

## III.
## PARTIES

3.1     Plaintiffs re-allege all foregoing paragraphs as though fully set forth herein.

3.2     Plaintiff Robertson is a United States citizen and resident of Louisiana.

3.3     Defendant Schlumberger Limited (Schlumberger N.V.), is a foreign corporation with its principal place of business in Sugar Land, Southern District of Texas, doing business for the purpose of accumulating monetary profit, and may be served with process through its registered agent, National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002.

3.4     Defendant Schlumberger Technology Corp., is a business entity with its principal place of business in Sugar Land, Southern District of Texas, doing business for the purpose of accumulating monetary profit, yet does not maintain a registered agent for services of process and may be served with process through its officer and/or director at its home office, 100 Gillingham Lane, Sugar Land, Texas 77478.

## IV.
## COVERAGE UNDER THE FLSA

4.1     At all times hereinafter mentioned, Schlumberger was an "employer" as that term is understood under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that it had the power to hire and fire Plaintiffs, control their work schedules and employment conditions, and determine the rate and method of their payment, and in fact, did all these things with respect to Plaintiffs.

4.2     At all times hereinafter mentioned, Schlumberger was an "enterprise" as that term is understood under Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Schlumberger was an enterprise engaged in commerce as that concept is understood under Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Schlumberger had, and/or continues to have, employees including Plaintiffs, engaged in commerce and/or handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person, and in that the enterprises have and have had an annual gross volume of sales made or business done of not less that $500,000 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of Plaintiffs' employment by Schlumberger, Plaintiffs provided services for Schlumberger that touched upon and affected interstate commerce. In performing the operations described, Plaintiffs were engaged in commerce, or in the production of goods for commerce, within the meaning of sections 203(b), 203(i), 203(j), 206(a), and 207(a) of the Act.

   4.4  At all times hereinafter mentioned, Plaintiff and Putative Collective Action Participants were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

   4.5  During the relevant time period, Schlumberger, through its employees, and/or agents, created, ratified and implemented its unlawful payment scheme made the subject of this lawsuit. Thus, Schlumberger acted directly or indirectly as an employer with respect to the named Plaintiffs within the meaning of the FLSA, and is accordingly subject to the FLSA.

   4.6  The class of similarly situated employees, *i.e.,* Putative Collective Action Participants sought to be certified under 29 U.S.C. § 216(b), is defined as "all current and former employees of Schlumberger Limited, Schlumberger Technology Corp. and/or predecessor companies of said entities, that held the positions of wire line operator, or similar job positions that included similar job duties as those listed above, from at least July 2009, though the present. The precise size and identity of the group comprising the Putative Collective Action Participants should be ascertainable from the business records, tax records, and/or employee or personnel records of Schlumberger, and their related and affiliated entities.

## V.
## FACTUAL BACKGROUND

5.1     Plaintiffs re-allege all foregoing paragraphs as though fully again set forth.

5.2     Schlumberger is engaged in the business of providing comprehensive services to the oil and gas industry including seismic consulting and technology, drilling support, characterization services, completions services, subsea services, production services, and well intervention services.

5.3     Robertson worked for Schlumberger from June 2005 though July 2010 as a wireline operator.

5.4     At all relevant times, Schlumberger employed Plaintiffs, including Robertson, meaning Schlumberger hired Plaintiffs, directed their work and locations of work, compensated them (in part, only) for their labor, maintained records regarding their employment, and had the power to fire them.

5.5     During their employment by Schlumberger, Schlumberger failed to calculate the overtime owed to Plaintiffs accurately and reimburse Plaintiffs their proper overtime based on the standards set out by the FLSA.

5.6     During his periods of employment with Schlumberger, Schlumberger failed to treat Robertson as a non-exempt employee for overtime purposes, although his job duties and actual work performed supported this treatment.  Because Schlumberger failed to treat and/or classify Robertson as a non-exempt employee under the FLSA, it failed to pay Robertson the legally required compensation, instead improperly and inaccurately treating Robertson as a salaried executive and/or administrator.  Schlumberger knew it was required to compensate salaried non-exempt employees at a rate 1.5 times their hourly rate for all hours worked in excess of 40 hours per week.

5.7     Schlumberger owes Plaintiffs liquidated damages, attorney's fees, and costs, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); see especially 29 U.S.C § 207(a)(1).

## VI.
## FIRST CAUSE OF ACTION
**(Violation of 29 U.S.C. §§ 206 and/or 207)**

6.1     Plaintiffs re-allege all foregoing paragraphs as though fully again set forth.

6.2     At all material times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*, including compensation for overtime in excess of forty hours per week.

6.3     Schlumberger is fully subject to the FLSA, including its requirements to pay overtime, because it is an enterprise that is engaged in interstate commerce, and its employees are engaged in commerce. 29 U.S.C. § 203(s)(1).

6.4     During the period that it employed Plaintiffs, Schlumberger violated, and continues to violate, the provisions the FLSA, including sections 206 and/or 207, and 215(a)(2), by employing Plaintiffs for workweeks in excess of 40 hours per week, without compensating them for their hours in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed, notwithstanding the fact that neither Plaintiff falls within any recognized exception to FLSA's overtime requirements, including those for executive and administrative workers.

6.5     Contrary to Schlumberger's classification and/or designation, the positions held by Plaintiffs are not "exempt" positions under the FLSA. Schlumberger willfully refused to compensate Plaintiffs for the amount of overtime owed to them under the FLSA and failed to notify any former

employees of additional monies owed to them for work that had been performed while employed by Schlumberger.

6.6 Moreover, Schlumberger knowingly, willfully or in reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiffs proper overtime compensation as defined by the FLSA. Schlumberger's decision to withhold overtime compensation from Plaintiffs who were former employees was neither reasonable nor made in good fath.  The evidence will show that Plaintiffs were not primarily engaged in tasks that required work such as managing, directing, exercising independent judgment, hiring and firing of others, and instead, were primarily performing labor that falls within the purview of FLSA's overtime provisions. Given the culpability of Schlumberger, Plaintiffs are entitled to recover overtime wages under the FLSA in an amount equal to one and one-half time their rate of pay, in addition to  liquidated damages, attorney's fees and costs under FLSA.

## VII.
## OPT-IN COLLECTIVE ACTION ALLEGATIONS

7.1 Plaintiffs re-allege all foregoing paragraphs as though fully again set forth.

7.2 The Putative Collective Action Participants are all current and former employees of DMT that held the same or similar positions as Robertson, from at least July 2008, through the present and who were classified as exempt employees and who worked in excess of 40 hours per week, but who were not paid overtime.

7.3 The employees who were victimized by Schlumberger's unlawful compensation practices are also similarly situated to Plaintiffs in terms of job duties. These positions require the same general job functions and job duties throughout the Schlumberger's operations. Although

Schlumberger may have given different job titles to employees that work on different projects, the essential job functions performed by Plaintiffs are universally applicable to all Schlumberger's employees that perform the same or similar jobs.

7.4   Schlumberger's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Putative Collective Action Participants. Thus, Plaintiffs' experiences are typical of the experiences of Putative Collective Action Participants.

7.5   The specific job titles or precise job requirements of the various Putative Collective Action Participants do not prevent collective treatment. All of the Putative Collective Action Participants, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> all current and former wireline operators, or similar job positions, or other supporting positions, who were classified as exempt while employed by Schlumberger Technology Corporation, and/or a predecessor company of Schulmberger Technology Corporation, during the time period from July 2008 to present and were not paid legal overtime compensation for time worked in excess of 40 hours per week.

## VIII.
## JURY DEMAND

8.1   Plaintiffs demand a trial by jury herein.

WHEREFORE, Plaintiffs pray for judgment against Schlumberger as follows:

    a.   For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Schlumberger to provide the names, addresses and telephone numbers of all Putative Collective Action Participants;

  b.  For an Order Approving the form and content of a Notice to be sent to all Putative Collective Action Participants advising them of the pendency of this litigation and of their rights with respect thereto;

  c.  For judgment finding Schlumberger liable for unpaid overtime pay at a rate not less than one and one-half times Plaintiffs' and Putative Collective Action Participants' regular rate of pay;

  d.  For an award of liquidated damages equal in amount of the unpaid compensation found due to Plaintiffs;

  e.  For an Order awarding Plaintiffs;

  f.  For an Order awarding Plaintiffs;

  g.  For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

  h.  For an Order granting Plaintiffs; and

  i.  For an Order granting all such other and further relief in law or equity, as may be necessary and appropriate, and to which Plaintiffs may show themselves justly entitled.

            Respectfully submitted,

            */s/ Francis I. Spagnoletti*
            Francis I. Spagnoletti
            SBN 18869600 / Federal ID. 5369
            401 Louisiana Street, 8th Floor
            Houston, Texas 77002
            Telephone: 713-653-5600
            Facsimile: 713-653-5656

**OF COUNSEL**:

SPAGNOLETTI & CO.

ATTORNEYS FOR PLAINTIFF